UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN GILES,

       Plaintiff,                        Case No. 2:17-cv-10153
                                              District Judge Gershwin A. Drain
v.                                            Magistrate Judge Anthony P. Patti

MICHAEL J. BOUCHARD,
et al.,

       Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATIONS FOR THE APPOINTMENT OF COUNSEL (DEs 8, 26)

Plaintiff initiated this lawsuit on January 17, 2017 concerning the conditions of confinement at the Oakland County Jail (OCJ). Following the June 14, 2017 consolidation of this case with Case No. 17-10154, Plaintiff filed an amended complaint as ordered by the Court. (DEs 1, 20-22.)

Currently before the Court are Plaintiff's applications for the appointment of counsel. Plaintiff's January 31, 2017 filing simply states: "My [r]eason for writing you [is] I really do need the Court to ap[p]oint me a[n] Attorney. I really do need help with this case. Can you please ap[p]oint me an Attorney . . . [f]or both case[s]." (DE 8.) Likewise, in his July 31, 2017 request, he writes:

> At this time I need a[n] attorney[.] I have been given some mental health pills that really got me off my block right now. I'm going through something right now. On my pills I was given higher mgs. If [it is] no problem can you please give me an attorney to work on my case[?] At this time I'm not mental[ly] right in the head to work on any legal work.

(DE 26 at 1.)

It is true that, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); however, the Court has granted Plaintiff's application to proceed without prepayment of fees or costs and has also entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made. (DEs 2-4.) The Oakland County Defendants have appeared by way of dispositive motions, the former of which was terminated upon consolidation and the latter of which was addressed under separate cover. (DEs 16, 23.) Also, while Defendants Aramark and Dolinski have yet to appear, perhaps because efforts to effect service upon them were stalled by the case consolidation (*see* DEs 5, 12, 13 in 17-10153 and DEs 12, 18, 21-22 in 17-10154), the Court is inquiring about the status of such service by the U.S.M.S.

Moreover, the Court is able to understand Plaintiff's operative pleading (DE 22), Plaintiff appears to understand his responsibility to notify the Court of changes in his contact information (*see* DEs 6, 9, 10, 14, 15, 25, 27), and even Plaintiff's

very respectful requests for counsel demonstrate his ability to clearly communicate his thoughts to this Court.

Finally, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional

3

circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004).[1]

Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Applying these factors here: (1) the probable merit of Plaintiff's claims is being addressed as dispositive motions are considered, such as the recently entered report and recommendation on the Oakland County Defendants' motion to dismiss, which found a lack of merit; (2) the nature of the case is straightforward; (3) the case is not complex; and, (4) Plaintiff has demonstrated the ability to represent himself, notwithstanding his claimed medical regimen. Indeed, as the Court soberly notes, it is not unusual to see *pro se* plaintiffs who may be undergoing some level of treatment for mental health related issues; thus, the use of psychotropic medications − even if there are some side

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

effects – does not, in and of itself, constitute exceptional circumstances. Moreover, even if the medications to which Plaintiff refers were recently prescribed, the only recently pending matter was the Oakland County Defendants' motion to dismiss Plaintiff's amended complaint (DEs 22, 23), which was decided on the face of the operative pleading.

Plaintiff has not described any circumstances to justify the Court's recruitment of counsel. Accordingly, at this time, his applications for the appointment of counsel (DEs 8, 26) are **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: December 20, 2017

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on December 20, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti