UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN GILES,

Plaintiff,

v.

MICHAEL J. BOUCHARD ET AL.,

Defendants.
_____/

Case 17-cv-10153

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

## OPINION AND ORDER SUSTAINING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [30], AND GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT [23]

**I.     Introduction**

Kevin Giles initiated this action on January 17, 2017. Dkt. No. 1. On July 5, 2017, he filed an Amended Complaint asserting claims against the following Defendants: Aramark Correctional Services Inc.; Michael J. Bouchard, an Oakland County Sheriff; Curtis Childs, an Oakland County Sheriff; Anna Dolinski, an Aramark employee; John Doe No. 1, an employee at the Oakland County Jail; John Doe No. 2, an employee at the Oakland County Jail.[1] *See* Dkt. No. 22, pp. 2–3 (Pg. ID 80–81). He raises nine 42 U.S.C. § 1983 claims, all under the Eighth or Fourteenth Amendment. *See id.*

---

[1] Aramark Correctional Services Inc. and Dolinski have not appeared in this matter. *See* Dkt. No. 28, p. 2 & n.1 (Pg. ID 136).

On July 19, 2017, Bouchard, Childs, and the John Doe Defendants (collectively, "Oakland County Defendants") filed a Motion to Dismiss. Dkt. No. 23. Giles has not responded to the motion.

As the Court referred all pretrial matters in this case to Magistrate Judge Anthony P. Patti, Magistrate Judge Patti issued a Report and Recommendation on the Motion to Dismiss. *See* Dkt. Nos. 7, 28. In his December 18, 2017 Report and Recommendation, he recommended that the Court dismiss all of Plaintiff's claims, except for Plaintiff's retaliatory prosecution claim. Dkt. No. 28, pp. 15–17 (Pg. ID 149–51). He urged the Court to permit the retaliatory prosecution claim to proceed in this action. *See id.*

On January 2, 2018, the Oakland County Defendants timely objected to the Magistrate Judge's recommendation on the retaliatory prosecution claim. Dkt. No. 30. There were no other objections to the Report and Recommendation.

Presently before the Court is the Oakland County Defendants' Objection to the Magistrate Judge's Report and Recommendation regarding Plaintiff's retaliatory prosecution claim [30]. The Court will find that Giles has not adequately alleged a retaliatory prosecution claim. Accordingly, the Court will SUSTAIN the Oakland County Defendants' Objection to the Magistrate Judge's Report and Recommendation. Dkt. No. 30. As the Court agrees with Magistrate Judge Patti regarding dismissal of Plaintiff's other counts, dismissal of the retaliatory

2

prosecution claim means that the Oakland County Defendants will prevail on their Motion to Dismiss.

**II. Background**

This matter relates to Giles's detainment at the Oakland County Jail in Pontiac, Michigan. Dkt. No. 22, pp. 1–2 (Pg. ID 79–80). Giles's issues with this confinement include lack of exercise opportunities, inadequate access to the law library, quality (or rather, lack thereof) of meals served, absence of beds thereby forcing him to sleep on the floor, and assignment to "intake tanks." *Id.* at p. 4 (Pg. ID 82). Plaintiff, in particular, protests assignment to the intake tanks. *Id.* He asserts they were unsanitary, overcrowded, and allowed for minimal opportunity to leave the area. *Id.* at pp. 5–6 (Pg. ID 83–84). According to Giles, detainees could only leave the tanks once each day; and even then, it was only for five minutes to take a shower. *Id.* at p. 6 (Pg. ID 84).

While at the Oakland County Jail, Giles submitted to deputy sheriffs numerous grievances regarding the conditions of his confinement. *Id.* at pp. 3–4 (Pg. ID 81–82). He claims the grievance procedure involved him handing a form to the deputy sheriff assigned to his section of the jail. *Id.* at p. 3 (Pg. ID 81). In addition to these written complaints, he also verbally expressed his discontent to deputy sheriffs. *Id.*

Giles contends deputy sheriffs retaliated against him because of his protests, and in doing so, assigned him to the intake tanks. *Id.* at 5 (Pg. ID 83). He also maintains that on his grievance forms, he always requested an appeal, which meant review by a captain. *Id.* at 4 (Pg. ID 82). The deputy sheriffs, however, rarely marked his grievance form accordingly, so few appeals of his complaints were heard. *Id.*

## III. Legal Standard

First, Federal Rule of Civil Procedure 12(b)(6) allows a court to assess whether a plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[E]ven though the complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

A court must construe the complaint in favor of a plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual

4

allegations present plausible claims. *Twombly*, 550 U.S. at 570. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). To survive a Rule 12(b)(6) motion, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 553–54). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citations and quotations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679. (internal citations and quotations omitted).

Second, district courts review de novo timely and specific objections to magistrate judges' reports and recommendations, and district courts may adopt, reject, or amend portions of reports and recommendations to which no party properly objects. *See* FED. R. CIV. P. 72(b)(2)–(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

5

**IV. Discussion**

Defendants object to the Magistrate Judge's recommendation that Giles's retaliatory prosecution claim survive the Motion to Dismiss. *See* Dkt. No. 30. They argue Giles failed to properly plead this claim because the Amended Complaint lacks particular facts of unlawful conduct attributed to the Defendants. The Court is persuaded. Accordingly, the Court will SUSTAIN Defendants' Objection to the Magistrate Judge's Report and Recommendation.

Although Plaintiff raises nine counts in the Amended Complaint, the Magistrate Judge urged the Court to find that only the retaliatory prosecution claim had merit. *See* Dkt. No. 28. The Magistrate Judge found, and the Court agrees, that Plaintiff's other allegations failed to state a claim. *See id.* Therefore, the Court will GRANT Defendants' Motion to Dismiss the Second Amended Complaint.

A.  Objection No. 1

The Court's charge in this proceeding is to determine whether Giles has adequately alleged a claim for retaliatory prosecution under 42 U.S.C. § 1983. The Court will conclude that he has not.

In this Circuit, a plaintiff must properly plead the following on a 42 U.S.C. § 1983 retaliatory prosecution claim: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse

6

action was motivated at least in part by the plaintiff's protected conduct." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 399 (6th Cir. 2016) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

The Magistrate Judge held that Giles plausibly alleged this claim by asserting that (1) he complained, both orally and in writing, about his conditions during incarceration; (2) he was sequestered in an intake room, a purportedly overcrowded and unsanitary section of the jail; and (3) he was sent there because of the aforementioned verbal and written complaints. Dkt. No. 28, pp. 16–17 (Pg. ID 150–51). The Magistrate Judge then concluded that the Defendants failed to contest Giles's retaliatory prosecution claim, as they did not explain why this claim was unavailing. *Id.* at p. 17 (Pg. ID 151).

Challenging this finding, the Oakland County Defendants maintain (correctly) that they did dispute Plaintiff's Amended Complaint as failing to plausibly allege their involvement in any purported constitutional violations. *See, e.g.,* Dkt. No. 23, pp. 14–15 (Pg. ID 119–20) (arguing Giles has failed to state a retaliatory prosecution claim because the "Amended Complaint fails to state any facts demonstrating that Sheriff Bouchard or Captain Childs were personally involved or encouraged a specific type of conduct leading to the alleged deprivation of Plaintiff's constitutional rights.").

And, indeed, the Amended Complaint is absent of specific facts regarding the Defendants' involvement in the alleged retaliation. All the allegations involving Giles's protected activity and retaliation therefrom relate to unnamed deputy sheriffs, not any of the Defendants. Dkt. No. 22, pp. 9–10 (Pg. ID 87–88). This is not enough to state a claim. It is axiomatic that a plaintiff must plead specific facts regarding a defendant to properly plead a retaliatory prosecution claim. *See, e.g., Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. Dec. 31, 2012) (dismissing plaintiff's claims as to a defendant because the plaintiff "fail[ed] to make specific factual allegations suggesting [that defendant's] involvement in any conduct leading to his injuries.").

The only link alleged between the deputy sheriffs' actions and the Defendants is that the Defendants knew or should have known of the alleged retaliation. Dkt. No. 22, pp. 9–10 (Pg. ID 87–88). But even that assertion is contradicted by his contentions that deputy sheriffs failed to indicate his desire to appeal any denial of his grievances. *Id.* at p. 4 (Pg. ID 82). Thus, if appeals were rare, then Giles has not made a colorable claim about how the Defendants were to learn of the purported constitutional violations.

Because Giles has not pleaded specific facts relating to the Defendants, the Court will hold that his retaliatory prosecution claim will not survive the Motion to Dismiss.

## V. Conclusion

The Oakland County Defendants moved to dismiss Plaintiff's Amended Complaint. Dkt. No. 23. The Magistrate Judge concluded the Motion to Dismiss did not challenge Plaintiff's retaliatory prosecution claim. Dkt. No. 28. He then urged this Court to deny the Oakland County Defendants' Motion to Dismiss as to only that claim. *Id.* The Oakland County Defendants objected to that finding. Dkt. No. 30.

After reviewing the pleadings and the Magistrate Judge's Report and Recommendation, this Court will find that Giles has not stated a retaliatory prosecution claim. Accordingly, the Court will SUSTAIN the Oakland County Defendants' Objection to the Magistrate Judge's Report and Recommendation [30].

Additionally, the Court will agree with the Magistrate Judge's Report and Recommendation as to the dismissal of Plaintiff's other claims. Therefore, the Court will GRANT the Oakland County Defendants' Motion to Dismiss the Amended Complaint [23].

IT IS SO ORDERED.

Dated: March 28, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 28, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk