UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LA'VON GILES,

    Plaintiff

v.

MICHAEL BOUCHARD,
CURTIS CHILDS,
JOHN DOE 1, JOHN DOE 2,
ARAMARK CORRECTIONAL
SERVICES, INC., and ANNA
DOLINSKI,

    Defendants.
_____/

Case No. 2:17-cv-10153
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S AMENDED COMPLAINT (DE 22) and DEFENDANTS ARAMARK AND DOLINSKI'S MOTION TO DISMISS (DE 44)**

**I.     RECOMMENDATION**: The Court should dismiss Plaintiff's amended complaint (DE 22) as to Defendants Aramark and Dolinski for Plaintiff's failure to keep the Court apprised of his address, and, accordingly, should deem moot Defendants Aramark and Dolinski's combined motion to dismiss (DE 44).

**II.     REPORT**

    **A.     Background**

        **1.     Plaintiff's July 5, 2017 amended complaint is the operative pleading.**

On April 25, 2016 and May 16, 2016, Plaintiff was sentenced in two Oakland County Circuit Court cases.  Case Nos. 2016-258318-FH, 2016-258460-FH.  On January 17, 2017, while located at the Oakland County Jail (OCJ) in Pontiac, Michigan, Plaintiff filed two cases in this Court:  **(1)** Case No. 2:17-cv-10153-GAD-APP and **(2)** Case No. 2:17-cv-10154-GAD-RSW.  In each case, Plaintiff took issue with the conditions of confinement at the OCJ.  (DEs 1 at 5-7.)  And in each case, the Court granted Plaintiff's application to proceed without prepaying fees or costs and entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made.

On June 14, 2017, Judge Drain entered an order consolidating these cases, dismissing the latter case, providing that all future documents should be filed in the instant case, and requiring an amended complaint.  (DE 20.)  Consequently, on June 28, 2017, the Court terminated Defendant Bouchard's March 20, 2017 motion to dismiss (DE 16) and Plaintiff's April 4, 2017 motion for leave to file an amended complaint (DE 17).  On July 5, 2017, Plaintiff filed an amended complaint against six defendants:  **(1)** Michael Bouchard, **(2)** Curtis Childs, **(3)** John Doe 1, **(4)** John Doe 2, **(5)** Aramark Correctional Services, Inc., and **(6)** Anna Dolinski.  (DE 22.)

      **2.**     **Defendants Aramark and Dolinski are the two remaining Defendants in this case.**

On March 28, 2018, Judge Drain entered an opinion and order sustaining Defendants' objection to my report and recommendation and granting Defendants' motion to dismiss the amended complaint. (DE 32.) The case remained open as to Defendants Aramark and Dolinski. (DEs 33-34.)

The Court had earlier granted Plaintiff's application to proceed *in forma pauperis*. (DEs 2-3; *see also* DE 4.) In April 2018, the Court facilitated service of the complaint upon Aramark and Dolinski. (DEs 35-36.) They appeared on June 25, 2018. (DEs 37-41.) On July 10, 2018, I entered a text-only order setting the discovery deadline for October 31, 2018 and the dispositive motion deadline for November 30, 2018.

### B. Pending Matter

Judge Drain has referred this case to me for pretrial matters. Currently before the Court is Defendants Aramark and Dolinski's combined motion to dismiss. (DE 44.) The Court's November 19, 2018 order stated that Plaintiff's response was due on or before December 19, 2018. (DE 45.) To date, Plaintiff has not filed a response.

### C. Fed. R. Civ. P. 41 ("Dismissal of Actions")

Fed. R. Civ. P. 41 governs the "dismissal of actions." With respect to involuntary dismissals, Rule 41 provides:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any claim

>against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect."). "Although the rule contemplates dismissal on motion of a defendant, federal courts have the inherent power to act *sua sponte* to dismiss a suit for failure to prosecute." *Brinkley v. Comm'r of Soc. Sec.*, No. 14-13560, 2015 WL 1637598, at *2 (E.D. Mich. Apr. 13, 2015) (Michelson, J.).

The Sixth Circuit is guided by four factors in determining a Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute:

>(1) whether the party's failure is due to willfulness, bad faith, or fault;
>
>(2) whether the adversary was prejudiced by the dismissed party's conduct;
>
>(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
>(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) ). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*,

4

636 F.2d 159, 161 (6th Cir. 1980) ).  Stated otherwise, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff."  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quotations and citation omitted).

### D. Discussion

#### 1. Plaintiff's July 5, 2017 amended complaint brings Eighth and Fourteenth Amendment claims against Defendants Aramark and Dolinski.

Plaintiff sues Aramark and Dolinski in their official and/or individual capacities.  (DE 22 ¶¶ 8-10.)  According to Plaintiff, he suffers from Type 2 diabetes and hypertension, and treatment for diabetes includes a special diet and regular physical exercise and activities.  (DE 22 ¶¶ 50-51.)  Plaintiff alleges that he complained "about the special diet (diabetic) meals and food trays."  (DE 22 ¶¶ 32, 34; *see also* DE 22 ¶ 55.)  Plaintiff makes several allegations against Defendants Aramark and Dolinski, and he brings Eighth and Fourteenth Amendment causes of action against these Defendants.  (DE ¶¶ 52-54, 56-57, 94-103.)

#### 2. Plaintiff's most recent filing is his January 8, 2018 change of address.

As noted above, at the time Plaintiff initiated this lawsuit in January 2017, he was located at the OCJ in Pontiac, Michigan.  (DE 1 at 2, 14, 18.)  By way of a

5

January 20, 2017 notice, the then-parties were informed of their responsibility to notify the Court of an address change. (DE 6.) This notice included a citation to E.D. Mich. LR 11.2, which, although not quoted in the notice, expressly provides:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

In February 2017 and again in March 2017, Plaintiff informed the Court that his address had changed to 111 Altamonte Boulevard, Frackville, PA 17931. (DEs 9, 10, 14, 15.) In fact, *1111 Altamonte Boulevard* is the address for the State Correctional Institution ("SCI") at Frackville. (*See* www.cor.pa.gov.) At the time Plaintiff mailed his amended complaint – dated June 28, 2017 and filed July 5, 2017 - he was apparently still located at SCI Frackville. (DE 22 at 24.) In July 2017, Plaintiff's address changed to Camp Hill, PA. (DEs 25, 26.) In November 2017, his address changed to Waynesburg, PA. (DE 27.) Finally, in January 2018, Plaintiff's address changed to 27 N. Cameron St., Harrisburg, PA 17101. (DE 31.) In other words, Plaintiff's only filings following his amended complaint are letters informing the Court of his changes of address and a motion seeking the

appointment of an attorney (which was subsequently denied without prejudice), the latest of which was filed on January 8, 2018. (*See*, *e.g.*, DEs 25, 26, 27, 29, 31.)

### 3. Seemingly due to his own fault, Plaintiff has not received copies of three filings in this case.

The Court twice attempted to serve Plaintiff with copies of its July 10, 2018 text-only order setting discovery and dispositive motion deadlines. In each case, the order was mailed to 27 N. Cameron St., Harrisburg, PA 17101, but, in each case, it was returned to the Court as undeliverable. (*See* DEs 42, 43.)

Nor has Plaintiff received copies of the instant motion to dismiss or the Court's related scheduling order. Specifically, Defendants Aramark and Dolinski filed the instant motion to dismiss on November 8, 2018, seemingly having served it on Plaintiff at 27 N. Cameron St., Harrisburg, PA 17101. (DE 44 at 18, DE 47-1 at 2.) Then, on November 19, 2018, I entered an order requiring Plaintiff to file a response on or before December 19, 2018, a copy of which was mailed to 27 N. Cameron St., Harrisburg, PA 17101. (DE 45, text-only certificate of service.) These were returned, respectively, to defense counsel and the Court. (DE 47-1 at 2, DE 46.)

### 4. The *Knoll* factors weight in favor of dismissal.

Early in this case, Plaintiff was informed of his responsibility to notify the Court of a change in address. (DE 6.) This filing not only cited the relevant local rule but also stated, in part: "Failure to promptly notify the court of a change in

7

address or other contact information may result in the **dismissal** of your case." (*Id.* (emphasis in original).) It is reasonable for the Court to conclude that Plaintiff's failure to keep the Court apprised of his current contact information is the result of his "willfulness, bad faith, or fault[,]" and Plaintiff was clearly "warned that failure to cooperate could lead to dismissal[.]" *Knoll*, 176 F.3d at 363. Moreover, even if the Court were inclined to impose or consider "less drastic sanctions . . . before dismissal was ordered[,]" *id.*, it would likely be fruitless, as the most recent items mailed to Plaintiff at his address of record have been returned as undeliverable. Finally, it goes without saying that Defendants Aramark and Dolinski are "prejudiced" in their ability to defend themselves and/or bring closure to this matter where Plaintiff appears to have neglected this case.

### E.   CONCLUSION

In their pending motion to dismiss, Defendants Aramark and Dolinski attack Plaintiff's pleading with several arguments: **(a)** Plaintiff's official capacity claims are properly dismissed as duplicative; **(b)** Plaintiff has failed to plead a policy or custom; **(c)** Plaintiff has failed to plead a viable 14th Amendment claim; and, **(d)** Plaintiff has not alleged an Eighth Amendment violation. (DE 44 at 8-17; *see also* DE 44 at 5.) Yet, the Court need not address these issues.

As the foregoing discussion explains, Plaintiff has not filed anything in this case in more than one year. In addition, due to his failure to keep the Court

apprised of his current contact information, Plaintiff has not received copies of the July 10, 2018 scheduling order, the pending motion to dismiss, or the related order setting a deadline for Plaintiff's response. Plaintiff having apparently abandoned the case, the Court should dismiss Plaintiff's claims against Defendants Aramark and Dolinski (DE 22, Counts VIII and IX) and, accordingly, deem moot their combined motion to dismiss (DE 44).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 12, 2019            s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 13, 2019 electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti